IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ASIS INTERNATIONAL, INC., a Delaware corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| THE INTERNATIONAL CONSORTIUM FOR ORGANIZATIONAL RESILIENCE, an Illinois corporation, | ) ) ) ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff ASIS International, Inc. (ASIS), a Delaware corporation, brings the following Complaint against Defendant The International Consortium For Organizational Resilience (ICOR):

## THE PARTIES

1. Plaintiff ASIS is a Delaware corporation with its principal place of business at 1625 Prince Street, Alexandria, Virginia 22314-2882.

2. Defendant ICOR is an Illinois corporation with its principal place of business at 207 West Ash Street, Lombard, Illinois 60148.

3. This is a complaint for damages and other relief for copyright infringement pursuant to 17 U.S.C. §§ 502, 503, 504 and 505.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the claims set forth in this Complaint pursuant to the Copyright Act of 1976, 17 U.S.C. § 501, and 28 U.S.C. §§ 1331 and 1338(a). This Court has personal jurisdiction over Defendant ICOR because ICOR maintains its

principal place of business in this District and purposely directs substantial activities at the residents of Illinois by virtue of its website and other activities conducted within the State of Illinois and this District.

5. Venue is proper in the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. §§ 1391 and 1400(a), because Defendant ICOR is a resident of this District and a substantial part of the events giving rise to these claims occurred in this District.

## COUNT I

6. Plaintiff ASIS restates and realleges Paragraphs 1 through 5 of this Complaint as Paragraph 6 of this Count I of the Complaint.

7. For many years ASIS has made a substantial investment of time, effort and expense in drafting, editing and publishing various important written works that are central to the world of industrial security. ASIS Standards and Guidelines serve the needs of security professionals by increasing the effectiveness and productivity of security practices and solutions by addressing concerns and issues inherent to the security industry. The work of preparing standards and guidelines is carried out through the ASIS Standards and Guidelines Committees and governed by the Commission on Standards and Guidelines.

8. All ASIS published materials contain wholly original text, and pictorial/graphic works owned by ASIS and constituting copyrightable subject matter under U.S. Copyright Law.

9. ASIS owns the copyrights in the following works, all of which are registered in the U.S. Copyright Office:

    (a)    Pre-employment Background Screening Guideline
            U.S. Copyright Reg'n No. TX 6-521-900
            Exhibit A, attached hereto and made a part of this Complaint.

    (b)    Chief Security Officer Guideline
            U.S. Copyright Office Registration No. TX 7-281-165

Exhibit B, attached hereto and made a part of this Complaint.

 (c) <u>Business Continuity Guideline</u>
   U.S. Copyright Registration No. TX 7-183-832
   Exhibit C, attached hereto and made a part of this Complaint.

 (d) <u>Private Security Officer Selection and Training Guideline</u>
   U.S. Copyright Registration No. TX 7-279-310
   Exhibit D, attached hereto and made a part of this Complaint.

 (e) <u>Information Asset Protection Guideline</u>
   U.S. Copyright Registration No. TX 6-897-096
   Exhibit E, attached hereto and made a part of this Complaint.

10. ASIS also owns the copyrights in the following works, all of which have copyright registration applications pending before the U.S. Copyright Office:

 (f) <u>Workplace Violence Prevention and Intervention Standard</u>
   Exhibit F, attached hereto and made a part of this Complaint.

 (g) <u>Workplace Violence Prevention and Response Guideline</u>
   Exhibit G, attached hereto and made a part of this Complaint.

 (h) <u>General Security Risk Assessment Guideline</u>
   Exhibit H, attached hereto and made a part of this Complaint.

11. Since creating its copyrighted works, ASIS has policed the copying and distribution of its works to prevent copyright infringement and pirating of its works.

12. In an effort to discourage the unauthorized duplication, distribution and sale of its works, ASIS only allows reproduction and distribution of its works pursuant to an agreement under which the use of such works is restricted.

13. In December, 2014, ASIS discovered that ICOR had reproduced several of ASIS's important written works, through the publication of such works on the ICOR website, located at http://theicor.org/gands.html#. Specifically, the ASIS works listed in Paragraphs 9 and 10, above, have all been copied, distributed and published by ICOR on its website without authorization from ASIS. See, e.g., Exhibit I, attached hereto and made a part of this Complaint.

14. Without authorization from ASIS, ICOR also has used several of ASIS's copyrighted works as inducements for membership in ICOR. For example, ICOR has reproduced a portion of ASIS's work Chief Security Officer Guidelines (listed in Paragraph 9b, above), and has stated on its website in regard to the ability of readers to become members of ICOR: "If you would like to view the complete article, become a member of ICOR. It's easy and you'll have access to this and other informative and valuable presentations and articles."

15. On December 22, 2014, ASIS sent ICOR a written demand that ICOR immediately remove all ASIS publications from the ICOR website (Exhibit J, attached hereto and made a part of this Complaint). ASIS also demanded that ICOR account to ASIS for all monies received as a result of ICOR's unauthorized copying, distribution and publication of ASIS's copyrighted works and that ICOR provide information on all purchasers of these copyrighted ASIS works.

16. As of the filing of this Complaint, ICOR has not accounted for its infringement.

17. By reason of the foregoing facts, ICOR has infringed the ASIS copyrights attached as Exhibit A-H.

18. By reason of the foregoing facts, ASIS has been substantially harmed and is entitled to relief pursuant to 17 U.S.C. §§ 502 through 505.

19. By reason of the foregoing facts, ICOR's infringement of ASIS's copyrights has been willful, entitling ASIS to enhanced damages in this action.

WHEREFORE, Plaintiff ASIS prays that this Court enter judgment against Defendant ICOR for ICOR's infringement of the ASIS works which are the subject of this Complaint and that this Court also grant the following relief against ICOR:

(a) That Defendant ICOR, its agents, employees, successors, assigns, and all other persons acting in concert with or affiliated with them, be enjoined from any further infringement of ASIS's copyrighted works;

(b) That Defendant ICOR be ordered to conduct an accounting of all profits derived from making, publishing, distributing, using, marketing and/or selling unlicensed copies of any ASIS work which is the subject of this Complaint;

(c) That ASIS be awarded its actual damages or, in the alternative, its statutory damages for willful infringement in the amount of $150,000 per violation; and

(d) That ASIS be awarded its attorneys' fees, costs, and any further relief this Court deems just and proper.

January 16, 2015

Respectfully submitted,

THOMPSON COBURN LLP

By: /s/ Michael A. Parks
William R. Bay, #6181670
Michael A. Parks, #6217230
THOMPSON COBURN LLP
55 East Monroe, 37th Floor
Chicago, Illinois 60603
(312) 346-7500
wbay@thompsoncoburn.com
mparks@thompsoncoburn.com

*Attorneys for Plaintiff*
*ASIS International, Inc.*